IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| FRANK DESAN | : | CIVIL ACTION | |
| | : | | |
| v. | : | | |
| | : | | |
| SEPTA POLICE DEPARTMENT | : | NO. 16-1723 | |

MEMORANDUM

PRATTER, J.                                                         APRIL 18, 2016

    Plaintiff Frank Desan brings this action, pursuant to 42 U.S.C. § 1983, against the SEPTA Police Department based on his allegations that he was falsely arrested and improperly convicted. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Desan leave to proceed *in forma pauperis* and dismiss his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I.    FACTS[1]

    On August 10, 2004, Mr. Desan was arrested at the 69th Street Transportation Terminal in Upper Darby. He alleges that he entered the bathroom to use the facilities and was arrested by police officers when he exited the stall. The officers placed Mr. Desan in a chair and told him to be quiet while they searched his belongings "and made their discoveries." (Compl. ¶ III.C.)

    Mr. Desan was taken into custody and charged with drug-related crimes in state court. *See Desan v. Lawler*, No. CIV.A. 09-3648, 2011 WL 2038969, at *1 (E.D. Pa. May 24, 2011). In 2005, he filed a motion to suppress the evidence seized during the course of his arrest, which the state court denied after a suppression hearing. *Id.* Mr. Desan was convicted after a jury trial and

---

[1] The following facts are taken from the complaint and publicly available documents from proceedings related to Mr. Desan's claims.

1

sentenced to a term of imprisonment. *Id.* His appeal and his federal habeas petition were unsuccessful. *Id.*

In this civil action, Mr. Desan brings constitutional claims based on his arrest, conviction, and imprisonment. He seeks damages for the pain and suffering he endured as a result of his incarceration.

## II.   STANDARD OF REVIEW

The Court grants Mr. Desan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Mr. Desan is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

2

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). As Mr. Desan's convictions have not been invalidated, his claims challenging the constitutionality of those convictions and his related imprisonment are legally baseless because they are not cognizable in a § 1983 action.

Although Mr. Desan's false arrest and any related false imprisonment claims appear cognizable, those claims are time-barred. Pennsylvania's two-year statute of limitations applies to Mr. Desan's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The statute of limitations on plaintiff's false arrest and false imprisonment claims began to run more than ten years before he filed this civil action on April 8, 2016. Accordingly, his claims are time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Desan's complaint as legally frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Mr. Desan will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.